UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
AMY J. KRAPF,　　　　　　　　　　　　Case No.: 09 CIV 391

　　　　　　　Plaintiff,

　　-against-

COLLECTORS TRAINING
INSTITUTE OF ILLINOIS, INC.,

　　　　　　　Defendant.
-------------------------------------------------------------X

MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

　　　　　　　　　　　　　　　　Edward M. Tobin, Esq.
　　　　　　　　　　　　　　　　CLAUSEN MILLER, P.C.
　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　**COLLECTORS TRAINING**
　　　　　　　　　　　　　　　　**INSTITUTE OF ILLINOIS, INC.,**
　　　　　　　　　　　　　　　　One Chase Manhattan Plaza
　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　(212) 805-3900

268310.1

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND.....................................................................1

II. ARGUMENT..............................................................................................2

III. THE RULE 12(b)(6) STANDARD FOR A MOTION TO DISMISS................2

IV. CTI DID NOT VIOLATE 15 U.S.C. § 1692e(11) BY FAILING TO DISCLOSE IN EACH COMMUNICATION WITH PLAINTIFF THAT IT WAS A DEBT COLLECTOR ATTEMPING TO COLLECT A VALID DEBT........................4

V. CTI DID NOT VIOLATE SECTIONS 1692d, 1692d(2), 1692e(10), 1692e(11), AND 1692f OF THE F.D.C.P.A..........................................................5

VI. CTI DID NOT IN ANY MANNER VIOLATE 15 U.S.C. § 1692(a)(1).................8

VII. CTI DID NOT IN ANY MANNER VIOLATE 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692b(1), AND 15 U.S.C. § 1692d IN ITS COMMUNICATIONS WITH PLAINTIFF'S EMPLOYER................................................9

VIII. CONCLUSION...........................................................................................12

268589.1

# TABLE OF AUTHORITIES

## CASES                                                                 Page

Arroyo v. Solomon & Solomon, P.C.
   2001 U.S. Dist. LEXIS 21908 (E.D.N.Y. 2001)..................................... 6

Bell Atlantic Corp. v. Twombly
   127 S. Ct. 1955, 1968 (2007)................................................. 2, 4, 7

Clomon v. Jackson
   988 F. 2d 1314 (2nd Cir. 1993)................................................. 7

DeGeorge v. LTD Financial Services, L.P.
   2008 U.S. Dist. LEXIS 25503 (W.D.N.Y. 2008)................................ 10

Doug Grant, Inc. v. Greate Bay Casino Corp.
   232 F. 3d 173, 183-84 (3rd Cir. 2000)........................................ 3, 9

DM Research v. Coll. of Am. Pathologist
   170 F. 3d 53, 55-56 (1st Cir. 1999)............................................ 3

Fainbrun v. Southwest Credit Systems, L.P.
   246 F.R.D. 128, 2007 U.S. Dist. LEXIS 70956 (E.D.N.Y. 2007).............. 4, 5

Fashakin v. Nextel Communications, et al.
   2009 U.S. Dist. 25140 (E.D.N.Y. 2009)...................................... 6, 10

Foti, et al. v. NCO Fin. Sys.
   424 F. Supp. 2d 643, 2006 U.S. Dist. LEXIS 13857 (S.D.N.Y. 2006)............ 8

Greco v. Trauner, Cohen & Thomas, LLP, et al.
   412 F. 3d 2005 U.S. app. LEXIS 11835 (2nd Cir. 2005)....................... 4

Harry v. Pentagroup Financial, LLC
   2007 U.S. Dist. LEXIS (E.D.N.Y. 2007)....................................... 4

Horton, et al. v. Nationwide Recovery Systems, Inc.
   2006 U.S. Dist. LEXIS 7104 (E.D.N.Y. 71084)................................ 7

Humphrey v. Viacom, Inc.
   2007 WL 1797648, *3 (D.N.J. June 20, 2007)................................. 2

Meselsohn v. Lerman, et al.
   485 F. Supp. 2d 215, 2007 U.S. Dist. LEXIS 27205 (E.D.N.Y. 2007)........... 7

Moore v. Diversified Collection Services, Inc.
   2009 U.S. Dist. 54798 (E.DN.Y. 2009).......................................... 7, 8

Morris v. Lower Merion School Dist.
   132 F. 3d 902, 906 (3rd Cir. 1997).............................................. 2, 3

Muti v. Schmidt
   96 Fed. Appx. 69, 74, fn 2 (3rd Cir. 2004)................................... 3

Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.
   998 F. 2d 1192, 1196 (3rd Cir. 1993)........................................... 3

Prewitt v. Wolpoff & Abramson, LLP
   2007 U.S. Dist. LEXIS 19148 (W.D.N.Y. 2007).......................... 5

Romani v. Shearson Lehman Hutton
   929 F. 2d 875, 879 & n.3 (1st Cir. 1991)..................................... 3

Russell v. Equifax A.R.S.
   74 F. 3d 30 (2nd Cir. 1996)........................................................ 7

Russell v. Hartweg, et al.
   2008 U.S. Dist. LEXIS 41292 (W.D.N.Y. 2008).......................... 4

Soffer v. Nationwide Recovery Systems, Inc.
   2007 U.S. Dist. LEXIS 28979 (E.D.N.Y. 2007)........................... 7

St. Matthew's Baptist Church v. Wachovia Bank Nat. Assoc.
   2005 U.S. Dist. LEXIS 46607, *7 (D.N.J. 2005).......................... 3

Fed. R. Civ. P. 12(b)(6).......................................................................... 2

15 U.S.C. § 1692................................................................................... 3, 11

15 U.S.C. § 1692b(1)............................................................................. 1, 9, 10

15 U.S.C. § 1692c(a)(1)......................................................................... 1, 8, 9

15 U.S.C. § 1692c(b)............................................................................. 1, 9, 10

15 U.S.C. § 1692d................................................................................. 1, 5, 6, 9, 10

15 U.S.C. § 1692d(2)............................................................................. 1, 5, 6, 7

15 U.S.C. § 1692e................................................................................. 7

| | |
|---|---|
| 15 U.S.C. § 1692e(10).................................................................................... | 1, 5, 7, 8 |
| 15 U.S.C. § 1692e(11).................................................................................... | 1, 4, 5, 7, 8 |
| 15 U.S.C. § 1692f............................................................................................ | 1, 5, 8 |
| 5 Wright & Miller, Federal Practice and Procedure § 1216, at 235-236 (3rd ed. 2004)............................................................................................................. | 2 |
| 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94,95 (3rd ed. 2004)............................................................................................................. | 2 |

## DEFENDANT COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC. MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC. ("CTI"), by and through its attorneys, CLAUSEN MILLER P.C., hereby submits its Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6).

## FACTUAL BACKGROUND

On or about April 23, 2009, Plaintiff filed a Complaint against Defendant CTI alleging violations of Sections 1692c(a)(1), 1692c(b), 1692b(1), 1692d, 1692d((2), 1692e(10), 1692e(11), and 1692f of the United States fair Debt Collection Practices Act ("F.D.C.P.A."). (Plaintiff's Complaint, at ¶ 22, annexed to the Certification of Edward Tobin, Esq. as **Exhibit "A"**). Specifically, Plaintiff alleges that CTI violated these provisions of the F.D.C.P.A. in six (6) messages that CTI left on the Plaintiff's voicemail and at her place of employment between September 17, 2008 and "early April of 2009" in its efforts to collect the legal debt owed by Plaintiff. See **Exhibit "A"**, at ¶ 19.

Specifically, Plaintiff alleges that the messages left for by CTI in its efforts to collect the legal debt advised Plaintiff that "there was an investigation against her social" and that said language was misleading, deceptive, and violated sections 1692d, 1692d(2), 1692e(10), 1692e(11), and 1692f of the F.D.C.P.A. See **Exhibit "A"**, at ¶ 22. Plaintiff further alleges that CTI's efforts to contact her employer to ascertain her whereabouts violated sections 1692c(b), 1692b(1), and 1692d of the F.D.C.P.A. Moreover, Plaintiff alleges that CTI's failure to disclose in each communication with her that it was a debt collector attempting to collect a valid debt and that this violated section 1692e(11) of the F.D.C.P.A. See **Exhibit "A"**, at ¶ 22. However, as will

1

268310.1

be demonstrated conclusively herein, Plaintiff's Complaint fails as a matter of law to state a claim upon which relief can be granted and, accordingly, should be dismissed in its entirety.

## ARGUMENT

## THE RULE 12(b)(6) STANDARD FOR A MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), while the Court must accept Plaintiff's well-pleaded allegations as true, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968 (2007).

In Twombly, supra, the Supreme Court determined that "Rule 8(a)(2) … requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id., at 1965, n.3. The Court instructed that "the pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id., at p. 1965, citing 5 Wright & Miller, **Federal Practice and Procedure** § 1216, at 235-236 (3rd ed. 2004). Moreover, "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" Id., citing 5 Wright & Miller, **Federal Practice and Procedure** § 1202, pp. 94,95 (3rd ed. 2004).

In determining a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'" Humphrey v. Viacom, Inc., 2007 WL 1797648, *3 (D.N.J. June 20, 2007), citing Morris v. Lower Merion School Dist., 132 F. 3d 902, 906 (3rd Cir. 1997). Rather, the plaintiff must allege sufficient facts in the complaint to survive a Rule 12(b)(6) motion. "A plaintiff who fails to allege basic facts in

2

268310.1

support of his claims should not be allowed to proceed." Morris, 132 F. 3d at 906, citing, DM Research v. Coll. of Am. Pathologist, 170 F. 3d 53, 55-56 (1st Cir. 1999) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a **factual** predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engage in a fishing expedition.") (emphasis supplied).

In assessing the sufficiency of the facts pled by a plaintiff, in the context of a motion to dismiss, the court can properly consider documents which were referenced in, or attached to, the complaint. See Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc., 998 F. 2d 1192, 1196 (3rd Cir. 1993). If the allegations in the complaint are contradicted by the documents referenced in the complaint or available in the public record, the court need not credit the allegations. "Nor will we [the Court] accept conclusory allegations when contradicted by documents incorporated in the pleadings." Muti v. Schmidt, 96 Fed. Appx. 69, 74, fn 2 (3rd Cir. 2004) (emphasis supplied); see also Romani v. Shearson Lehman Hutton, 929 F. 2d 875, 879 & n.3 (1st Cir. 1991) (rejecting a fraud claim in light of the underlying documents in ruling on a 12(b)(6) motion); St. Matthew's Baptist Church v. Wachovia Bank Nat. Assoc., 2005 U.S. Dist. LEXIS 46607, *7 (D.N.J. 2005)("To the extent that Plaintiff's allegations are contradicted by the documents attached to the Complaint upon which its claims are based, the Court need not accept such allegations as true."); Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F. 3d 173, 183-84 (3rd Cir. 2000).

Here, Plaintiff's Complaint fails to adequately allege the elements needed to support a cause of action pursuant to 15 U.S.C. § 1692, et seq. Accordingly, as a matter of law, Plaintiff's Complaint should be dismissed, with prejudice.

3

268310.1

**CTI DID NOT VIOLATE 15 U.S.C. § 1692e(11) BY FAILING TO DISCLOSE IN EACH COMMUNICATION WITH PLAINTIFF THAT IT WAS A DEBT COLLECTOR ATTEMPTING TO COLLECT A VALID DEBT**

Although the primary purpose of the F.D.C.P.A. is consumer protection, "Courts have consistently determined that debt collectors should not be liable for "unreasonable misinterpretations of collection notices". Harry v. Pentagroup Financial, LLC, 2007 U.S. Dist. LEXIS (E.D.N.Y. 2007). In order to prevail on a claim pursuant to Section 1692(e) of the F.D.C.P.A., a plaintiff must demonstrate that the defendant's communication was a "false, deceptive, or misleading representation or means in connection with the collection of a debt" or engaged in "false threats and deceptive practices" and "misrepresented the status of the debt". Fainbrun v. Southwest Credit Systems, L.P., 246 F.R.D. 128, 2007 U.S. Dist. LEXIS 70956 (E.D.N.Y. 2007); see also Greco v. Trauner, Cohen & Thomas, LLP, et al., 412 F. 3d 2005 U.S. app. LEXIS 11835 (2nd Cir. 2005). Such a determination is an issue which can be decided as a matter of law. Id., at p. 129; see also Russell v. Hartweg, et al., 2008 U.S. Dist. LEXIS 41292 (W.D.N.Y. 2008).

15 U.S.C. § 1692e(11) states, in pertinent part:

> Failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that **initial oral communication**, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose …

15 U.S.C. § 1692e(11) (emphasis supplied). Here, Plaintiff's Complaint **fails** to allege that the September 17, 2008 telephone message that CTI allegedly left for Plaintiff was the initial communication between the two parties. Pursuant to the Supreme Court's decision in Twombly, supra, Plaintiff's assertion that CTI violated 15 U.S.C. § 1692e(11) in its September 17, 2008 communication with Plaintiff is little more than "a statement of facts that merely creates a

suspicion [of] a legally cognizable right of action" and is insufficient as a matter of law to support Plaintiff's claim that CTI violated 15 U.S.C. § 1692e(11). Accordingly, as a matter of law, Plaintiff's Complaint should be dismissed.

### CTI DID NOT VIOLATE SECTIONS 1692d, 1692d(2), 1692e(10), 1692e(11), AND 1692f OF THE F.D.C.P.A

Plaintiff alleges in her Complaint that "Defendant's statements that they were investigating or calling about Plaintiff's 'social' or social security number were intended to abuse, annoy and/or harass Plaintiff, and were deceptive statements made in violation of 15 U.S.C. § 1692d, 15 U.S.C. § 1692d(2), 15 U.S.C. § 1692(e)(10), 15 U.S.C. § 1692e(11), and 15 U.S.C. § 1692f". See **Exhibit "A"**, at ¶ 22.

15 U.S.C. § 1692d prohibits contact by a debt collector that is intended to "harass, oppress or abuse" the debtor. 15 U.S.C. § 1692d(2) prohibits debt collectors from using "obscene or profane language or language the natural consequence of which is to abuse the hearing or reader". 15 U.S.C. § 1692(e)(10) prohibits debt collectors from engaging in "false, deceptive, or misleading representation or means in connection with the collection of a debt" or engaging in "false threats and deceptive practices" and "misrepresented the status of the debt". Fainbrun v. Southwest Credit Systems, L.P., 246 F.R.D. 128, 2007 U.S. Dist. LEXIS 70956 (E.D.N.Y. 2007). 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect any debt.

In determining whether a debt collector violates section 15 U.S.C. § 1692d in its effort to collect a valid debt, the court must determine whether the defendant's conduct was "harassing" within the context contemplated by the statute. In Prewitt v. Wolpoff & Abramson, LLP, 2007 U.S. Dist. LEXIS 19148 (W.D.N.Y. 2007), the court determined that the debt collector's practice of calling the plaintiff once per day for a 200 day period was sufficient to withstand the debt

collector's motion for summary judgment in that such repeated phone calls can be considered "harassing" within the meaning of the F.D.C.P.A. Here, Plaintiff alleges that CTI left messages for her on September 17, 2008, September 20, 2008, September 25, 2008, September 27, 2008, October 1, 2008, and "in early March or Early April, 2008". See **Exhibit "A"**, ¶¶ 13-20. Six telephone messages over an eight month period hardly constitutes "harassing" behavior as contemplated by the F.D.C.P.A. In Fashakin v. Nextel Communications, et al., 2009 U.S. Dist. 25140 (E.D.N.Y. 2009), the court determined that six telephone calls made by a debt collector for purposes of collecting a debt did not constitute "harassing" behavior within the meaning of the F.D.C.P.A. Defendant respectfully submits that here, as in Fashakin, supra, the six (6) total telephone calls allegedly made by CTI for the purposes of collecting the valid debt were not "harassing" within the meaning of the F.D.C.P.A. Accordingly, as a matter of law, Plaintiff's allegation that CTI violated 15 U.S.C. § 1692d is entirely without merit and should be dismissed.

Moreover, Plaintiff's allegation that the statements allegedly made by CTI in the messages left for Plaintiff used "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader" and thus violated 15 U.S.C. § 1692d(2) cannot be sustained as a matter of law. See Arroyo v. Solomon & Solomon, P.C., 2001 U.S. Dist. LEXIS 21908 (E.D.N.Y. 2001). The language specifically alluded to by Plaintiff in her Complaint, that CTI was "investigating or calling about Plaintiff's 'social' or social security number", in no manner was obscene or profane or language the natural consequence of which was to abuse Plaintiff. See **Exhibit "A"**, at ¶ 22. See Arroyo v. Solomon & Solomon, P.C., 2001 U.S. Dist. LEXIS 21908 (E.D.N.Y. 2001). In fact, Plaintiff's allegation that CTI referenced the words "social" and "investigation" in the messages left for Plaintiff is "conclusory" and "not

borne out of any factual assertion in the complaint". Moore v. Diversified Collection Services, Inc., 2009 U.S. Dist. 54798 (E.DN.Y. 2009). Accordingly, as a matter of law, Plaintiff's allegation that CTI violated 15 U.S.C. § 1692d(2) in its efforts to collect a valid debt is unsupported by the facts alleged in Plaintiff's Complaint and should be dismissed.

Plaintiff's allegations that CTI violated 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692e(11) also cannot be sustained as a matter of law. In determining whether a defendant violated 15 U.S.C. § 1692e, courts employ an "objective standard", measured by how the "least sophisticated consumer" would interpret the notice. Soffer v. Nationwide Recovery Systems, Inc., 2007 U.S. Dist. LEXIS 28979 (E.D.N.Y. 2007); see also Russell v. Equifax A.R.S., 74 F. 3d 30 (2nd Cir. 1996); see also Clomon v. Jackson, 988 F. 2d 1314 (2nd Cir. 1993); see also Meselsohn v. Lerman, et al., 485 F. Supp. 2d 215, 2007 U.S. Dist. LEXIS 27205 (E.D.N.Y. 2007). Here, any interpretation of CTI's alleged statement that it was calling about Plaintiff's "social" does not by any means, even to the "least sophisticated consumer", constitute a false, deceptive or a misleading representation to Plaintiff in violation of the F.D.C.P.A. Rather, Plaintiff's conclusion that CTI was referencing Plaintiff's social security number in these messages is conclusory and unsupported by the facts alleged in the Complaint itself. As the Court determined in Twombly, supra, a complaint must contain something "more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action". Twombly, supra. Rather, the meaning behind CTI's alleged use of the word "social" in the messages left for Plaintiff cannot be ascertained and, as such, is not false, deceptive, or misleading as a matter of law. Moreover, Plaintiff fails to allege that CTI's use of the word "social" in its efforts to collect a legal debt was "reinforced with threatening messages". See Horton, et al. v. Nationwide Recovery Systems, Inc., 2006 U.S. Dist. LEXIS 7104 (E.D.N.Y. 71084). Accordingly, as a matter of law, CTI did

not violate section 1692(e)(10) or section 1692(e)(11) of the F.D.C.P.A. and Plaintiff's Complaint should be dismissed in its entirety.

Plaintiff's allegation that CTI violated 15 U.S.C. § 1692f also cannot be sustained as a matter of law. To sustain a cause of action pursuant to 15 U.S.C. § 1692f, a plaintiff must identify separate and distinct acts on the part of the debt collector that rises to the level of "unfair" and "unconscionable" means to collect a debt. Foti, et al. v. NCO Fin. Sys., 424 F. Supp. 2d 643, 2006 U.S. Dist. LEXIS 13857 (S.D.N.Y. 2006). While Plaintiff alleges that CTI used "unfair" and "unconscionable" conduct in order to collect a debt, Plaintiff has failed to allege that CTI committed any act "outside of that which she identifies" as alleged violations of the other provisions of the F.D.C.P.A. (discussed herein). Moore v. Diversified Collection Services, Inc., 2009 U.S. Dist. 54798 (E.DN.Y. 2009). Accordingly, as a matter of law, Plaintiff's claims pursuant to 15 U.S.C. § 1692f cannot stand and Plaintiff's Complaint should be dismissed in its entirety.

## CTI DID NOT IN ANY MANNER VIOLATE 15 U.S.C. § 1692(a)(1)

Plaintiff further alleges that CTI telephoned Plaintiff prior to 8:00 a.m. Eastern Standard Time and, in so doing, violated 15 U.S.C. § c(a)(1). 15 U.S.C. § 1692c(a)(1) provides that a debt collector cannot, without the prior consent of the consumer, communicate with the consumer "at any unusual time or place or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location". See 15 U.S.C. § 1692c(a)(1).

Plaintiff alleges that the telephone call made by CTI to her in violation of 15 U.S.C. § 1692c(a)(1) occurred on September 27, 2008, at 7:47 a.m. Eastern Standard Time. See **Exhibit**

"A", at ¶ 15. Annexed to the accompanying Attorney Certification in support of the instant motion as **Exhibit "B"** is "log sheet" prepared by CTI that lists the date, time, and sum and substance of the communications made between CTI and Plaintiff in CTI's efforts to collect the legal debt. The "log sheet" references three telephone calls made by CTI to Plaintiff on September 27, 2009. According to the "log sheet", these telephone calls were made at 10:44 a.m., 10:45 a.m., and 10:46 a.m., not 7:47 a.m., as alleged by Plaintiff. See **Exhibit "B"**. To the extent that Plaintiff's allegations are contradicted by documents upon which its claims are based, the court need not accept such allegations as true in determining the merits of a Motion to Dismiss. See Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F. 3d 173, 183-84 (3rd Cir. 2000). Accordingly, as a matter of law, Plaintiff's claim that the September 27, 2008 message left by CTI on Plaintiff's voicemail was made at 7:47 a.m. is entirely without merit and Plaintiff's claim pursuant to 15 U.S.C. § 1692c(a)(1) should be dismissed.

### CTI DID NOT IN ANY MANNER VIOLATE 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692b(1), AND 15 U.S.C. § 1692d IN ITS COMMUNICATIONS WITH PLAINTIFF'S EMPLOYER

Plaintiff further alleges that CTI's placement of a telephone call to Plaintiff's employer "in or about late March or early April of 2009" and a message allegedly left on her manager's voicemail at work violated 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692b(1), AND 15 U.S.C. § 1692d. See **Exhibit "C"**, at ¶ 19. Plaintiff specifically alleges that the message left by CTI on her manager's answering machine stated that CTI was calling "regarding a business matter of Plaintiff's" and that said manager should advise Plaintiff to "call them" about it. See **Exhibit "A"**, at ¶ 19.

15 U.S.C. § 1692b(1) states that "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer

268310.1

9

shall identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer". See 15 U.S.C. § 1692b(1). 15 U.S.C. § 1692c(b) states that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney for the creditor, or the attorney of the debt collector". See 15 U.S.C. § 1692c(b). However, debt collectors are permitted to contact third parties in their efforts to collect a legal debt provided that they are attempting to confirm or correct Plaintiff's location. See 15 U.S.C. § 1692b(1).

Assuming that Plaintiff's allegations are true with respect the telephone message left for Plaintiff's manager at her place of employment "in or about late March or early April of 2009", CTI respectfully submits that this communication was permissible pursuant to 15 U.S.C. § 1692b(1), was "fairly benign", and in no manner was intended to "harass, oppress or abuse" the debtor within the context of 15 U.S.C. § 1692d. See **Exhibit "A"**, at ¶ 19; See DeGeorge v. LTD Financial Services, L.P., 2008 U.S. Dist. LEXIS 25503 (W.D.N.Y. 2008). As alleged in Plaintiff's Complaint, CTI contacted Plaintiff's manager in an attempt to confirm her location and merely advised the manager to tell Plaintiff to call them back concerning "a business matter". See **Exhibit "A"**, at ¶ 19. Moreover, as the court determined in Fashakian, supra, CTI was effectively precluded from making the required disclosures to Plaintiff's manager in its attempts to contact Plaintiff because doing so would have "run afoul of the privacy-protective provisions of the F.D.C.P.A.". Fashakin v. Nextel Communications, et al., 2009 U.S. Dist. 25140

(E.D.N.Y. 2009). Accordingly, as a matter of law, CTI did not in any manner violate 15 U.S.C. § 1692 et seq. in its attempts to confirm Plaintiff's location and contact her concerning the legal debt in the message allegedly left on her employer's answering machine in late March or early April 2009.

268310.1

11

## CONCLUSION

For the reasons set forth herein, Defendant CTI respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice.

Dated:  New York, New York
        July 9, 2009

                                        Respectfully submitted,

                                        _/s/ Edward M. Tobin_
                                        Edward M. Tobin, Esq.
                                        CLAUSEN MILLER, P.C.
                                        Attorneys for Defendant
                                        **COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC.,**
                                        One Chase Manhattan Plaza
                                        New York, NY 10005
                                        (212) 805-3900