UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMY J. KRAPF,

                              Plaintiff,

     v.                                      1:09-cv-0391-RJA-LGF

COLLECTORS TRAINING INSTITUTE
OF ILLINOIS, INC.,

                              Defendant.
_____

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

This is an action under the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C.§1692 et seq.  Defendant has filed a Motion to Dismiss this case.  Plaintiff submits this Memorandum of Law in opposition to said motion.

## <u>FACTS</u>

Plaintiff Amy Krapf incurred a consumer debt obligation to Citibank that she later defaulted on. Complaint, ¶¶ 9-11.  Citibank subsequently employed the Defendant to attempt to collect the debt. Id., ¶ 12.

During the course of their attempts to collect the debt from Plaintiff, the Defendant:

1. Stated that they were calling regarding an investigation "regarding your social". Complaint, ¶¶ 13-14, 17.

2. Stated that they had spoke with a coworker and "had some information regarding her social security number.  Id., ¶ 15.

3. Called Plaintiff at her place of employment.  Defendant asked to be put through to "a manager".  Defendant then left a message on the manager's voicemail to whom they had been connected that they were calling regarding a business matter of Plaintiff's and that said manager should advise Plaintiff to call them about.  The person with whom Defendant spoke subsequently relayed that message to Plaintiff. Id., ¶ 19.

The complaint further alleged that the Defendant did not disclose in any of the telephone calls described in the complaint that they were a debt collector. Id., ¶¶ 13-19.  This led her to believe that she was being victimized as part of a scam. Id., ¶ 16.

The Plaintiff swore in her verified complaint that as a result of Defendant's FDCPA violations, she suffered from emotional distress. Id., ¶¶ 20, 23.

**ARGUMENT**

## I.   PLAINTIFF HAS PLED A PRIMA FACIE CASE THAT DEFENDANT VIOLATED 15 U.S.C.§1692(e)(11).

The first portion of 15 U.S.C.§1692(e)(11) requires a debt collector to disclose in their initial oral communication with the consumer that the debt collector is attempting to collect a debt, and that any information obtained will be used for that purpose.  The Defendant argues that since the complaint does not alleged that the Defendant's communications to Plaintiff which did not disclose that information was in their *initial* communication with her, that a claim under section e(11) has not been properly asserted. (Def. Memorandum of Law, pgs. 4-5).

Unfortunately, the Defendant did not quote the second portion of section e(11) which applies to subsequent communications.  The full section reads as follows:

**§ 1692e. False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

      *         *         *         *         *         *

 **(11)** The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, *and the failure to disclose in subsequent communications that the communication is from a debt collector*, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. (Emphasis added).

Thus, in all subsequent communications with a consumer, *after the initial oral communication with the consumer,* the debt collector must disclose that they are a debt collector. *Foti v. NCO Finanical Systems, Inc.*, 424 F.Supp.2d 643, 654 (S.D.N.Y.2006). Plaintiff's complaint specifically alleges that the Defendant failed to disclose that they were a debt collector in its' communications with the Plaintiff. (Complaint, ¶¶ 13-15). As such, she has pled a claim under 15 U.S.C.§1692e(11).

## II. DEFENDANT'S STATEMENTS TO PLAINTIFF THAT THEY WERE CALLING ABOUT HER "SOCIAL" ARE ACTIONABLE UNDER THE FDCPA.

For the purposes of this motion, it must be presumed that the Defendant left messages on Plaintiff's telephone answering machine in which they stated they were investigating her "social" or "social security number". (Complaint, ¶¶ 13, 15, 17, 18). Plaintiff alleges that these statements violated multiple provisions of the FDCPA.

### A.  1692(d) and (d)(2).

15 U.S.C.§1692(d) prohibits any conduct the natural consequence of which is to harass, oppress or abuse the hearer. 1692(d)(2) prohibits the use of language the natural consequence of which is to harass, oppress or abuse the hearer.

Threats to do something that one may properly do are not actionable under 1692d. *Fakashin v. Nextel Communications*, 2009 WL 790350 (E.D.N.Y.2009). It was not proper, however, for the Defendant to falsely state the purpose of their telephone calls (i.e. for collection, not about her social security number). 1692d was left intentionally vague by the drafters, leaving to the Courts the ability to determine what may be considered actionable as harassment. *Arroyo v. Solomon and Solomon, P.C.*, 2001 WL 1590520*14 (E.D.N.Y.2001). It is submitted that it would be understandably upsetting for a person to learn that their social security number was being "investigated", or that someone was calling about their social security number. The call

could reasonably be interpreted to mean that the caller was accusing the Plaintiff of some type of fraud, or that she was a victim of fraud.  As such, a reasonable jury could find that the purpose of the call was to harass or oppress the Plaintiff. *Id.*

### B.  1692e(10).

The Defendant argues that the Plaintiff had no reason to believe that the Defendant's references to her "social" and/or "social security number" were false and deceptive.  First, they argue that the use of the word "social" did not necessarily mean Plaintiff's social security number.  The Defendant has failed, however, to suggest any other reasonable interpretation of their words.  There is no indication, for example, that the Plaintiff was holding a social, or that she was a social worker.  The fact that the Defendant was referring to Plaintiff's social security number was made abundantly clear when they stated that specifically, and when they stated they were investigating it. (Complaint, ¶¶ 15, 17, 18).

The statement was deceptive because they were not investigating her social security number.  They were attempting to collect a debt and were trying to motivate the Plaintiff to call them or pay them by scaring her into believing that she was in trouble, or that her identity had been stolen.

### C. 1692f.

If this Court finds that Plaintiff's claims under 1692d and 1692e are actionable for all of the conduct alleged in the complaint, then she would agree that her 1692f claim is unnecessary. If, however, any of the conduct alleged is found inactionable, Plaintiff asserts that this is the very reason for the catch-all 1692f provision, and it should remain. *Moore v. Diversified Collection Services, Inc.*, 2009 WL 1873654*4 (E.D.N.Y.2009).

III.    **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S 1692c(a)(1) CLAIM IS PREMATURE**

This is a motion to dismiss, not a summary judgment motion.  The Defendant has improperly submitted evidence in connection with their motion to dismiss.  The Plaintiff has not had the opportunity to examine the authenticity *or the completeness* of these records.  No discovery has been conducted in this case.  Plaintiff should be entitled to depose the Defendant to ascertain the method by which their calls are recorded into their activity log, and should be given the opportunity to subpoena Defendant's telephone records to ascertain whether the records submitted are accurate and complete.

It has been held that where a consumer related practice has been pled, that the battle over whether Plaintiff can meet her obligation of a "threshold showing that [her] claim was predicated upon a deceptive act or practice that was consumer oriented" is best reserved for a motion for summary judgment after discovery, not a motion to dismiss. *Skibinsky v. State Farm Fire and Casualty Co.*, 775 N.Y.S.2d 200 (N.Y.A.D. 3rd Dept. 2004).  As such, it is submitted that the Defendant's Motion to Dismiss this cause of action should be denied.

IV.    **DEFENDANT'S TELEPHONE CALL TO PLAINTIFF'S MANAGER VIOLATED 1692b(1) and 1692e(11)**

The complaint alleges that the Defendant disclosed to Plaintiff's manager that they were calling in regard to a "business matter" of Plaintiff's, and asked that said manager should convey a message to Plaintiff to call them back.

A virtually identical fact pattern existed in *West v. Nationwide Credit, Inc.*,  998 F.Supp. 642 (M.D.N.C.1998).  In *West*, the Defendant informed the Plaintiff's neighbor that they were calling regarding a "very important matter".  The Court found this disclosure to violate 1692b(1) because the communication was not narrowly confined to obtaining location information

regarding the Plaintiff.  The Court noted that to impose a requirement under 1692b(1) that a communication disclose the existence of a debt would render 1692b(2), which specifically prohibits such disclosures, superfluous.  Accordingly, applying the plain language of the statute, the *West* Court found that the leaving a message with a third party that they were calling regarding a business matter violated 15 U.S.C.§1692b(1). *Id.*, at 643-645.

The Defendant argues that the message to Plaintiff's manager was "benign".  The Plaintiff does not agree that the involvement of her manager in the debt collection process was benign.  But even if it were, that would only be relevant in determining whether there was a violation of 1692d.  The provisions of 1692b do not require that violations harass, oppress or abuse the consumer as required under 1692d.

The message also violated 1692e(11).  15 U.S.C.§1692a(2) provides that a "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.  In this case, the Defendant conveyed a message to the Plaintiff through the Defendant that she call them back regarding a "business matter".  However, neither in their communication to the manager, nor subsequently, in the managers communication with the Plaintiff, was the fact that the Defendant was a debt collector disclosed.  As such, the message was left in clear violation of Section 1692e(11). (See *Foti v. NCO Financial Systems, (2)Inc.*, 424 F.Supp.2d 643 (E.D.N.Y.2006)).

Finally, the Defendant complains that they were prohibited from disclosing to Plaintiff's manager that they were debt collectors because they would have then violated 1692b(2).  This exact same argument was rejected in *Foti*.  As the Court noted:

> In this case, the fact that NCO may not be able to leave a pre-recorded message that complies with both § 1692e(11) and § 1692c(b) of the Act in no way warrants a conclusion that "communication" should be narrowly interpreted.  Rather, it merely suggests that a debt collector is not permitted to leave a pre-recorded

message in violation of the FDCPA.  Debt collectors, however, could continue to use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters.  Thus, the alleged "Hobson's Choice" in this case is self-imposed by NCO.  It is only because of the method of debt collection selected-calling and leaving the type of pre-recorded messages-that NCO is faced with this potential dilemma.

*Id.*, at 659.

Similarly, the Defendant in this case did not have a "Hobson's Choice" of either disclosing the debt to Plaintiff's manager in violation of 1692b(2), or not disclosing that fact in violation of 1692e(11).  They had a third choice, which was to fully comply with the FDCPA by choosing to communicate directly with the debtor rather than through her manager.

## **CONCLUSION**

By reason of the foregoing, Defendant's motion should be denied in its' entirety.

Dated:  August 3, 2009

/s/Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
*Attorneys for the Plaintiff*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com