UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

AMY J. KRAPF,

                    Plaintiff,

-against-

COLLECTORS TRAINING
INSTITUTE OF ILLINOIS, INC.,

                    Defendant.

-----------------------------------------------------------------X

Case No.: 09 CIV 391

MEMORANDUM OF LAW
IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

                                            Edward M. Tobin, Esq.
                                            CLAUSEN MILLER, P.C.
                                            Attorneys for Defendant
                                            **COLLECTORS TRAINING**
                                            **INSTITUTE OF ILLINOIS, INC.,**
                                            One Chase Manhattan Plaza
                                            New York, NY 10005
                                            (212) 805-3900

272225v1

## DEFENDANT COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC. MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC. ("CTI"), by and through its attorneys, CLAUSEN MILLER P.C., hereby submits its Memorandum of Law in reply to Plaintiff's opposition to its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6).

### CTI DID NOT VIOLATE SECTIONS 1692d, 1692d(2), 1692e(10), 1692e(11), AND 1692f OF THE FDCPA

Plaintiff states in her Memorandum of Law in Opposition to the instant motion that "... it would be understandably upsetting for a person to learn that their social security number was being "investigated", or that someone was calling about their social security number", and, as such, violated sections 1692(d), 1692(d)(2) and 1692(e)(10) of the FDCPA. See Plaintiff's Memorandum of Law, at p. 3. Defendant respectfully submits that, as alleged in Plaintiff's Complaint, the statement allegedly made by CTI referencing a supposed investigation into Plaintiff's "social" in no manner implies that there was an investigation into Plaintiff's social security number. Accordingly, as a matter of law, CTI did not violate sections 1692(d) and 1692(d)(2) of the FDCPA.

CTI left messages for the Plaintiff on September 17, 2008, September 20, 2008, September 25, 2008, September 27, 2008, October 1, 2008, and "in early March or Early April, 2008". See **Exhibit "A"**, ¶¶ 13-20(annexed to Defendant's initial motion papers). Again, six telephone messages over an eight month period hardly constitutes "harassing" behavior as contemplated by the F.D.C.P.A. In Fashakin v. Nextel Communications, et al., 2009 U.S. Dist. 25140 (E.D.N.Y. 2009), the court determined that six telephone calls made by a debt collector for purposes of collecting a debt did not constitute "harassing" behavior within the meaning of

1

the F.D.C.P.A. Defendant respectfully submits that here, as in Fashakin, supra, the six (6) total telephone calls allegedly made by CTI for the purposes of collecting the valid debt were not "harassing" within the meaning of the F.D.C.P.A. Accordingly, as a matter of law, Plaintiff's allegation that CTI violated 15 U.S.C. § 1692d is entirely without merit and should be dismissed.

Moreover, Plaintiff's allegation that the statements allegedly made by CTI in the messages left for Plaintiff used "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader" and thus violated 15 U.S.C. § 1692d(2) cannot be sustained as a matter of law. Again, Plaintiff's allegation that CTI referenced the words "social" and "investigation" in the messages left for Plaintiff is "conclusory" and "not borne out of any factual assertion in the complaint". Moore v. Diversified Collection Services, Inc., 2009 U.S. Dist. 54798 (E.DN.Y. 2009). Accordingly, as a matter of law, Plaintiff's allegation that CTI violated 15 U.S.C. § 1692d(2) in its efforts to collect a valid debt is unsupported by the facts alleged in Plaintiff's Complaint and should be dismissed.

As set forth in Defendant's initial motion, in determining whether a defendant violated 15 U.S.C. § 1692e, courts employ an "objective standard", measured by how the "least sophisticated consumer" would interpret the notice. Soffer v. Nationwide Recovery Systems, Inc., 2007 U.S. Dist. LEXIS 28979 (E.D.N.Y. 2007); see also Russell v. Equifax A.R.S., 74 F. 3d 30 (2nd Cir. 1996); see also Clomon v. Jackson, 988 F. 2d 1314 (2nd Cir. 1993); see also Meselsohn v. Lerman, et al., 485 F. Supp. 2d 215, 2007 U.S. Dist. LEXIS 27205 (E.D.N.Y. 2007). Contrary to Plaintiff's assertions, any interpretation of CTI's alleged statement that it was calling about Plaintiff's "social" does not by any means, even to the "least sophisticated consumer", constitute a false, deceptive or a misleading representation to Plaintiff in violation of the FDCPA. Again,

272225v1

Plaintiff's conclusion that CTI was referencing Plaintiff's social security number in these messages is conclusory and unsupported by the facts alleged in the Complaint itself. The meaning behind CTI's alleged use of the word "social" in the messages left for Plaintiff cannot be ascertained and, as such, is not false, deceptive, or misleading as a matter of law. Moreover, Plaintiff fails to allege that CTI's use of the word "social" in its efforts to collect a legal debt was "reinforced with threatening messages". See Horton, et al. v. Nationwide Recovery Systems, Inc., 2006 U.S. Dist. LEXIS 7104 (E.D.N.Y. 71084). Accordingly, as a matter of law, CTI did not violate section 1692(e)(10) or section 1692(e)(11) of the FDCPA and Plaintiff's Complaint should be dismissed in its entirety.

Plaintiff's allegation that CTI violated 15 U.S.C. § 1692f also cannot be sustained as a matter of law. Again, Plaintiff has failed to identify separate and distinct acts on the part of CTI that rises to the level of "unfair" and "unconscionable" means to collect a debt. Foti, et al. v. NCO Fin. Sys., 424 F. Supp. 2d 643, 2006 U.S. Dist. LEXIS 13857 (S.D.N.Y. 2006). Accordingly, as a matter of law, Plaintiff's claims pursuant to 15 U.S.C. § 1692f cannot stand and Plaintiff's Complaint should be dismissed in its entirety.

### CTI DID NOT IN ANY MANNER VIOLATE 15 U.S.C. § 1692(a)(1)

Plaintiff's assertion that it is premature for the Court to dismiss her 1692(a)(1) claim is misplaced. The documents annexed to Defendant's initial motion papers, the call log, clearly establishes that the calls made by CTI to the Plaintiff did not violate section 1692(a)(1). To the extent that Plaintiff's allegations are contradicted by documents upon which its claims are based, the court need not accept such allegations as true in determining the merits of a Motion to Dismiss. See Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F. 3d 173, 183-84 (3rd Cir. 2000). Accordingly, as a matter of law, Plaintiff's claim that the September 27, 2008 message

left by CTI on Plaintiff's voicemail was made at 7:47 a.m. is entirely without merit and Plaintiff's claim pursuant to 15 U.S.C. § 1692c(a)(1) should be dismissed.

### CTI DID NOT IN ANY MANNER VIOLATE 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692b(1), AND 15 U.S.C. § 1692d IN ITS COMMUNICATIONS WITH PLAINTIFF'S EMPLOYER

CTI respectfully submits that its communications with Plaintiff's employer was permissible pursuant to 15 U.S.C. § 1692b(1), was "fairly benign", and in no manner was intended to "harass, oppress or abuse" the debtor within the context of 15 U.S.C. § 1692d. See **Exhibit "A"**, at ¶ 19; See DeGeorge v. LTD Financial Services, L.P., 2008 U.S. Dist. LEXIS 25503 (W.D.N.Y. 2008). Again, CTI contacted Plaintiff's manager in an attempt to confirm her location and merely advised the manager to tell Plaintiff to call them back concerning "a business matter". See **Exhibit "A"**, at ¶ 19. Moreover, CTI was effectively precluded from making the required disclosures to Plaintiff's manager in its attempts to contact Plaintiff because doing so would have "run afoul of the privacy-protective provisions of the F.D.C.P.A.". Fashakin v. Nextel Communications, et al., 2009 U.S. Dist. 25140 (E.D.N.Y. 2009).

Plaintiff's reliance on Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (E.D.N.Y. 2006) in support of its argument is misplaced. In Foti, supra, the defendant left a pre-recorded message at the plaintiff's office. Here, CTI allegedly spoke directly with one of Plaintiff's supervisors in its efforts to ascertain Plaintiff's location. CTI respectfully submits that it was, in essence, faced with the "Hobson's Choice" of confirming Plaintiff's location by speaking with Plaintiff's manager and revealing that it was a debt collector in violation of 1692b(2) **or** without revealing that it was a debt collector in violation of 1692e(11). Plaintiff's assertion that it could have continued to communicate directly with the Plaintiff is entirely undermined by Plaintiff's own admission that she failed to return the Defendant's prior

telephone calls. Accordingly, as a matter of law, CTI did not in any manner violate the FDCPA in its attempts to confirm Plaintiff's location and contact her concerning the legal debt in the message allegedly left on her employer's answering machine in late March or early April 2009.

## CONCLUSION

For the reasons set forth herein, Defendant CTI respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice.

Dated:  New York, New York
        August 28, 2009

                                           Respectfully submitted,

                                               /s/ *Edward M. Tobin*
                                        Edward M. Tobin, Esq.
CLAUSEN MILLER, P.C.
Attorneys for Defendant
**COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC.,**
One Chase Manhattan Plaza
New York, NY 10005
(212) 805-3900

272225v1