UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMY J. KRAPF,

                Plaintiff,
     v.                                    **DECISION AND ORDER**
                                                      09-CV-391S

COLLECTORS TRAINING INSTITUTE
OF ILLINOIS, INC.,

                Defendant.

**I. INTRODUCTION**

On April 23, 2009, Plaintiff filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Presently before this Court is Defendant's Motion to Dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1] For the following reasons, Defendant's motion is granted in part and denied in part.

**II. BACKGROUND**

Plaintiff defaulted on a debt she incurred for the purchase of a ring from Littman Jewelers. (Complaint, Docket No. 1, ¶¶ 9, 11.) Littman Jewelers employed Defendant, a debt collector within the meaning of the FDCPA, to collect the debt. (Id. at ¶¶ 5, 6, 12.)

On or about September 17, 2008, an employee of Defendant's left a message on

---

[1] The submissions relating to this motion are filed at docket numbers 6, 7, 8, 10, 11, and 12.

1

Plaintiff's cellular phone stating that he[2] was calling about an investigation "regarding your social," and directed Plaintiff to return the call at a designated number. (Id. at ¶ 13.) The caller did not disclose that he was a debt collector, did not provide Defendant's name, and did not state that the call was an effort to collect a debt. (Id. at ¶ 13.) Defendant left a similar message on Plaintiff's cellular phone three days later, on September 20, 2008. (Id. at ¶ 14.)

On September 27, 2008, Defendant left a message on Plaintiff's cellular phone at 7:47 a.m. EST. (Id. at ¶ 15.) In that message, the caller explained that he had spoken to "Jennifer" from the human resources department at Plaintiff's place of employment and had information pertaining to Plaintiff's social security number. (Id. at ¶ 15.) Again, the caller did not disclose that he was a debt collector, did not provide Defendant's name, and did not state that the call was an attempt to collect a debt.[3] (Id. at ¶ 15.)

On September 25, 2008, Defendant called Plaintiff at work. (Id. at ¶ 17.) The caller left a message for Plaintiff stating that he was calling about an investigation on her "social" and that Plaintiff should return his call as soon as possible. (Id. at ¶ 17.)

Defendant placed a similar call to Plaintiff at work on October 1, 2008, leaving the following message: "Amy, at this point there is an investigation against your social." (Id. at ¶ 18.) The caller again directed Plaintiff to return the call regarding this "time sensitive matter." (Id. at ¶ 18.)

After several months, Defendant called Plaintiff again at work in March or April 2009.

---

[2]The genders of Defendant's callers are not set forth in the Complaint.

[3]Paragraph 15 of the complaint appears to contain a typographical error. It reads, "Said message again disclose the Defendant's name . . . ." Based on the allegation in paragraph 13 and use of the word "again," it appears that the phrase "did not" between "again" and "disclose" was mistakenly omitted.

(Id. at ¶ 19.) The caller requested to speak to "a manager." (Id. at ¶ 19.) After being connected to a manager's voicemail, the caller left a message stating that he was calling regarding a business matter relating to Plaintiff, and he requested that the manager advise Plaintiff to call Defendant about it. (Id. at ¶ 19.) The person who received this message relayed it to Plaintiff. (Id. at ¶ 19.)

## III. DISCUSSION

### A.   Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of the claim. FED. R. CIV. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility is present when the factual content of the complaint allows for a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; FED. R. CIV. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint. First, statements that are not entitled to the assumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."[4] Id.

**B.   Defendant's Motion to Dismiss**

Plaintiff asserts causes of action based on four incidents that she alleges violated the FDCPA. (Complaint, ¶ 22.) Defendant argues that the complaint should be dismissed because Plaintiff has failed to state claims upon which relief can be granted. The claims

---

[4] Although seemingly inconsistent with the command to treat well-pleaded factual allegations as true, this plausibility inquiry appears to include consideration of whether more likely or alternative explanations for the complained-of conduct exist. See, e.g., Iqbal, 129 S.Ct. at 1951-52 ("But given more likely explanations, [the allegations] do not plausibly establish this purpose."); Twombly, 550 U.S. at 567-68 (finding that plaintiff's allegations were not suggestive of antitrust conspiracy in the face of an "obvious alternative explanation" for the allegations in the complaint).

are addressed below.

### A.     Failure to Disclose

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e (11) by failing to disclose that it was a debt collector and/or that it was attempting to collect a debt. (Complaint, ¶ 22(A).)

Section 1692e (11) provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Defendant argues that Plaintiff fails to state a claim under § 1692e (11) because she does not allege that the September 17, 2008 telephone call was the *initial* communication from Defendant.  But under the statute, the requirement to identify oneself as a debt collector is not limited to initial communications.  It also applies to "subsequent communications."  See Foti v. NCO Financial Sys., Inc., 424 F.Supp.2d 643, 668 (S.D.N.Y. 2006); 15 U.S.C. § 1692e (11).  Thus, Plaintiff's allegation that employees of Defendant

5

failed to identify themselves as debt collectors adequately states a claim under § 1692e (11). (Complaint, ¶¶ 13-15.) Defendant's Motion to Dismiss this claim will be denied.

### B.     Deceptive Statements

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692d, 1692d (2), 1692e (10), 1692e (11), and 1692f, by stating that it was investigating or calling about Plaintiff's "social" or social security number, which was allegedly a deceptive statement intended to abuse, annoy, or harass. (Complaint, ¶ 22(B).)

Section 1692d makes it generally unlawful for a debt collector to engage in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." As a specific example, the statute prohibits the use of obscene, profane, or abusive language. See 15 U.S.C. § 1692d (2) (prohibiting "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.")

This Court finds that Plaintiff's allegations that Defendant claimed her "social" was under investigation sufficiently state a claim under § 1692d. If proven, Defendant's suggestion that Plaintiff's social security number was under investigation, or that there was an investigation *against* Plaintiff's social security number, could reasonably be found to constitute harassing, oppressive, or abusive conduct. This Court is not convinced by Defendant's argument that reference to "social" is conclusory or could refer to something other than Plaintiff's social security number. Plaintiff's claim under § 1692d (2), however, will be dismissed because the Complaint contains no allegations that Defendant used

6

obscene, profane, or abusive language.

Section 1692e prohibits debt collectors from using false, deceptive, or misleading representations to collect a debt. For example, a debt collector cannot use false or deceptive means to collect a debt or obtain information about a consumer, 15 U.S.C. § 1692e (10), and must identify itself as a debt collector in all communications with the debtor, 15 U.S.C. § 1692e (11).

This Court finds that Plaintiff's allegations concerning investigation into her "social" also adequately state a claim under §§ 1692e (10) and (11). Falsely stating that one's social security number was under investigation could reasonably be found to be a false, deceptive, or misleading means to collect a debt. Moreover, Plaintiff has pled that Defendant did not identify itself as a debt collector in its communications. Accordingly, Defendant's motion to dismiss these two claims will be denied.

Finally, § 1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. But the unfair or unconscionable conduct alleged must be in addition to the acts that a plaintiff alleges violate other sections of the FDCPA. See Foti, 424 F.Supp.2d at 667. Here, Plaintiff concedes that her § 1692f claim is unnecessary if her § 1692d and § 1692e claims survive. (See Plaintiff's Memorandum of Law in Opposition, Docket No. 10, p. 4.) Because no independent unfair or unconscionable conduct is alleged, this Court will dismiss Plaintiff's § 1692f claim.

**C.     Telephone Call Before 8:00 a.m.**

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692c (a)(1) and 1692d, by telephoning her before 8:00 a.m. EST.  (Complaint, ¶ 22(C).)  In particular, Plaintiff alleges that Defendant left her a voice mail message at 7:47 a.m. on September 27, 2008. (Complaint, ¶ 15.)

Section 1692c (a)(1) provides as follows:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location[.]

Defendant seeks dismissal of this claim on the basis that its "log sheet," which it submits in support of its motion, demonstrates that no call was made to Plaintiff before 8:00 a.m.  At this stage, however, consideration of this evidentiary support is improper because it is not part of the complaint, referenced in the complaint, or attached to the complaint, nor does Plaintiff identify the "log sheet" as the basis of her claim.  Cf. Brass v. American Firm Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).  Accordingly, Plaintiff's allegation that Defendant called her before 8:00 a.m. sufficiently alleges claims under 15 U.S.C. §§ 1692c (a)(1) and 1692d.  Defendant's Motion to Dismiss these claims will therefore be denied.

**D.    Third Party Contact**

Plaintiff alleges that Defendant violated 15 U.S.C. §§ 1692b (1), 1692c (b), and 1692d, by "failing to limit their telephone conversations to the third parties with whom they spoke to obtaining location information for Plaintiff." (Complaint, ¶ 22(D).). In particular, Plaintiff alleges that Defendant contacted her employer and left a message stating that Defendant was "calling about an investigation on her 'social.'" (Complaint, ¶ 17.) Plaintiff further alleges that Defendant contacted her employer again and stated that Defendant was calling about a "business matter" involving Plaintiff, and that Plaintiff's employer should advise Plaintiff to return Defendant's call. (Complaint, ¶ 19.)

Section 1692b (1) requires that any debt collector contacting a third party to acquire location information about a consumer "identify himself, state that he is confirming or correcting location information concerning the consumer, and, if expressly requested, identify his employer." Except as provided in § 1692b, § 1692c (b) limits the individuals a debt collector may contact to the consumer, his attorney, a consumer reporting agency, the creditor, the creditor's attorney, and the debt collector's attorney.

Taking the facts alleged as true, this Court finds that Plaintiff sufficiently states a claim. Defendant's contact with Plaintiff's employer, as it is alleged to have happened, did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." Defendant did not identify itself as a debt collector and later placed another call to Plaintiff's employer in an attempt to use Plaintiff's employer as a means of inducing Plaintiff to return Defendant's call. Because it is alleged that Defendant contacted a third party in a manner not authorized by § 1692b, Plaintiff sufficiently states claims under §§ 1692b, 1692c (b), and 1692d. See West v. Nationwide Credit, Inc., 998

F.Supp. 642, 643-45 (W.D.N.C. 1998) (finding that the plaintiff's allegation that the defendant contacted a third party to inquire about a "very important" matter regarding the plaintiff stated a claim under § 1692c (b)).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 28) is GRANTED in part and DENIED in part.

FURTHER, that Plaintiff's claims under 15 U.S.C. §§ 1692d (2) and 1692f are DISMISSED.

FURTHER, that pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, Defendant shall file an answer within 14 days of the entry date of this Decision and Order.

SO ORDERED.

Dated:      February 15, 2010
            Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Judge